IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTUE,

    Petitioner,                               No. CIV S-04-1697 FCD JFM P

    vs.

MIKE KNOWLES, et al.,

    Respondents.                            <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's second motion for default judgment and for release on his own recognizance, and on petitioner's motions for access to legal materials and the law library, and to depose the parole commissioners who denied him a parole date in 2002.

        Petitioner's motion for default judgment is in fact an opposition to respondents' December 20, 2004 motion for a second extension of time to answer the petition. Respondents' request was granted by order filed January 28, 2004, and on February 28, 2004 respondents' timely filed an answer to the petition. Petitioner's motion for default judgment is without merit and will be denied.

/////

Petitioner has again moved for release on his own recognizance pending final disposition of this action. Petitioner's first motion for release was denied by order filed January 20, 2005. The standards for release pending disposition of a habeas corpus petition are set forth in that order and will not be repeated herein. Petitioner has not, in the second motion, made the showing required for release during the pendency of a habeas corpus action. The motion will therefore be denied.

In his motion for court ordered access to legal materials and the law library, petitioner contends that (1) he uses a typewriter to prepare pleadings due to extreme pain in his right hand and prison officials have refused to provide him with ribbon for his typewriter or an ink pen to sign documents; (2) prison officials have delayed his legal mail; (3) prison officials have denied him access to the law library and altered the record of his attendance there; and prison officials have improperly confiscated his Franklin Language Master Talking Dictionary.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. Interference with the right of court access is remediable only if state officials by their acts have prevented petitioner from bringing, or will cause him to lose, actionable claims of this type. Id.

Petitioner has already presented his habeas corpus claims to this court, has filed his traverse, and the matter is now submitted for decision. The allegations in his motion are insufficient to establish "actual injury" to his right to access the court to prosecute this habeas corpus action. The motion will therefore be denied.

Finally, petitioner seeks leave of court to depose the parole commissioners who denied him parole in 2002 to determine whether petitioner's refusal to discuss his commitment

offense at the hearing affected their decision to deny him parole. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts requires a showing of good cause before authorization to conduct discovery may be granted. After review of the record, the court does not find good cause for the requested depositions. Accordingly, petitioner's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's February 14, 2005 motion for default judgment is denied; and

2. Petitioner's February 11, 2005 motion for release on his own recognizance is denied;

3. Petitioner's February 11, 2005 motion for court-ordered access to the law library and legal materials is denied; and

4. Petitioner's February 17, 2005 motion to depose parole commissioners is denied.

DATED: April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
mont1697.o2

3